11-2103-cv
*Steiniger v. Internal Revenue Serv.*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of June, two thousand twelve.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

_____

Francis Raymond Steiniger,

      *Plaintiff-Appellant*,

         v.                     No. 11-2103-cv

Internal Revenue Service, *et al.*,

      *Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**      Francis Raymond Steiniger, *pro se*, Far Rockaway, NY.

**FOR DEFENDANT-APPELLEES:**      Cristine Irvin Phillips and Benjamin H. Torrance, Assistant U.S. Attorneys, *for* Preet Bharara, U.S. Attorney for the Southern District of New York, New York, NY.

1

Appeal from an judgment of the United States District Court for the Southern District of New York (James C. Francis IV, *Magistrate Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 4, 2011 judgment of the District Court is **AFFIRMED**.

Plaintiff-appellant Francis Raymond Steiniger ("Steiniger"), *pro se*, appeals from the March 4, 2011 judgment of the District Court granting summary judgment to defendants-appellees, the Internal Revenue Service ("IRS") and the Executive Office for United States Attorneys ("EOUSA"), in his action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a)(4)(B). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review an order granting summary judgment *de novo*, "drawing all factual inferences in favor of the non-moving party." *Paneccasio v. Unisource Worldwide, Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "[C]onclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion." *Davis v. State of New York*, 316 F.3d 93, 100 (2d Cir. 2002).

Having conducted a *de novo* review of the record, we affirm the order of the District Court substantially for the reasons stated in the magistrate judge's thorough decision dated March 3, 2011. As the magistrate judge properly found, the IRS satisfied its FOIA obligations by conducting a reasonable search to locate the documents Steiniger requested. *See Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994) ("In order to prevail on a motion for summary judgment in a FOIA case, the defending agency has the burden of showing that its search was adequate and that any withheld documents fall within an exemption to the FOIA."). Steiniger is thus entitled to no further relief in connection with his request.

We have considered all of Steiniger's arguments on appeal and found each of them to be without merit. Accordingly, the March 4, 2011 judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

2